**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JOSEPH KEANE and JACOB GOLLIET, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SIBYLLINE AMERICAS INC., a foreign corporation, AMAZON.COM, INC., a foreign corporation, and AMAZON.COM SERVICES LLC, a foreign corporation,

Defendants.

No. 2:26-cv-569

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants AMAZON.COM, INC., and AMAZON.COM SERVICES LLC ("Defendants") give notice that it is removing the above-captioned case to the United States District Court for the Western District of Washington at Seattle. Defendant Sibylline Americas Inc. ("Defendant Sibylline") consents to and joins in this Notice of Removal. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove the state court action styled *Joseph Keane and Jacob Golliet v. Sibylline Americas Inc. et al.*, Case No. 25-2-38285-1 SEA, filed in the Superior Court of the State of Washington in and for County of King. In further support of its removal, Defendants state as follows:

## I. PROCEDURAL BACKGROUND

1. On December 18, 2025, Plaintiff Joseph Keane ("Plaintiff Keane") filed his Class Action Complaint for damages in the Superior Court for King County, Washington, *Joseph Keane*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*v. Sibylline Americas Inc.*, Case No. 25-2-38285-1 SEA. On January 13, 2026, Plaintiff Keane filed a First Amended Class Action Complaint for damages adding named plaintiff Jacob Golliet.

2. A copy of Plaintiffs' First Amended Complaint ("FAC") is attached as **Exhibit 1**.

3. Defendants deny any liability in this case, both as to Plaintiffs Joseph Keane and Jacob Golliet's ("Plaintiffs") individual claims and as to the claims they seek to pursue on behalf of the putative class. For purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiffs' FAC identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

## II. TIMELINESS OF REMOVAL

4. Defendant Amazon.com Services, LLC was served with a copy of the Summons and Complaint on January 15, 2026.

5. No further proceedings have been had in the state court.

6. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after service of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief herein.

## III. VENUE

7. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

8. Removal is proper to the Western District of Washington at Seattle because it is the district and division embracing King County, Washington.

## IV. GROUNDS FOR REMOVAL

9. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA").

10. Plaintiffs purport to represent two (2) putative classes, with the first class ("Silenced No More") consisting of "all employees of Defendant Sibylline who worked for Defendant in



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Washington for any period of time from December 18, 2022 to ninety (90) days before trial", and the second class ("WARN Class") consisting of "all employees of Defendant Sibylline assigned to work for Defendants Amazon and Amazon Services in Amazon Corporate Security Business Assurance Center West in Seattle, Washington who experienced an employment loss pursuant to a mass layoff by Defendants within 30 days of October 7, 2025." FAC ¶¶ 4.1-4.2.

11. On behalf of putative "Silenced No More" Class, Plaintiffs allege that Defendant Sibylline required Plaintiffs and similarly situated employees to sign a "Stress at Work" policy that violated RCW 49.44.211. FAC ¶¶ 5.3-5.7, 6.3. On behalf of the putative "WARN" Class, Plaintiffs allege that Defendants failed to inform Plaintiff and putative class members of the scope of layoffs, closure of teams, the number of workers affected, or the schedule on which those layoffs would occur in violation of RCW 49.45.020(1). FAC ¶¶ 5.23, 7.5.

12. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

**A. The Putative Classes Consists of More than 100 Members.**

13. Based on Plaintiffs' allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Plaintiffs allege that there are "at least one hundred (100) employees" in the putative "Silenced No More" Class. FAC ¶ 4.3.

15. Plaintiffs allege that there are "at least fifty (50) employees" in the putative "WARN" Class. FAC ¶ 4.4.

16. Accordingly, while Defendants deny that class treatment is permissible or appropriate, Plaintiffs' FAC confirms that the putative class contains more than 100 members. *See* FAC ¶ 4.3-4.4.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B. Diversity of Citizenship Exists between Defendant Sibylline Americas Inc. and Plaintiffs.**

17. Minimal diversity exists because Plaintiffs and Defendant Sibylline are citizens of Washington, and a foreign state, respectively.

18. Under CAFA's minimum diversity of citizenship requirement, one of the plaintiffs or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

19. Plaintiffs asserts that they were residents of Washington during their employment. FAC ¶¶ 3.1-3.2. Plaintiffs are therefore considered citizens of Washington for purposes of removal under CAFA.

20. A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Sibylline Americas, Inc. is a citizen of a foreign state. Declaration of Chelsea Lew ("Lew Decl.") ¶ 2.

21. Based on the FAC, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant. Accordingly, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C. The Amount in Controversy Exceeds $5,000,000.**

22. Although Defendants deny that Plaintiffs' claims have any merit, Defendants aver, for purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiffs were to prevail on every claim and allegation in their FAC on behalf of the putative class, the requested monetary recovery would exceed $5 million.

23. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiffs do not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

24. Plaintiffs allege that Defendant Sibylline violated RCW 49.44.211 by directing Plaintiffs and the putative "Silenced No More" Class to keep confidential information of potentially illegal harassment and violence occurring at the worksite. FAC ¶ 6.5.

25. During the relevant period of the putative "Silenced No More" Class, Defendant Sibylline employed approximately 260 employees to provide the services outlined by the Agreement and Work Orders to Defendant Amazon.com Services LLC in Seattle, Washington. Lew Decl. ¶ 4.

26. RCW 49.44.211(7) provides that an employer who violates RCW 49.44.211 shall be liable in a civil action for actual or statutory damages of $10,000, whichever is more, as well as reasonable attorneys' fees and costs. FAC ¶ 6.6.

27. Therefore, for 260 employees of Defendant Sibylline, the classwide damages would be $2,600,000 (260 x $10,000 statutory damages minimum), plus reasonable attorneys' fees and costs.

28. Plaintiffs allege that Defendants failed to inform Plaintiff and putative class members of the scope of layoffs, closure of teams, the number of workers affected, or the schedule on which those layoffs would occur in violation of RCW 49.45.020(1). FAC ¶¶ 5.23, 7.5. Plaintiffs further alleges that they and the putative "WARN" Class are entitled to recover statutory back pay and the value of benefits for up to sixty days, including interest thereon, plus reasonable attorneys' fees and costs.

29. Within 30 days of October 7, 2025, Defendant Sibylline employed approximately 100 employees to provide the services outlined by the Agreement and Work Orders to Defendant Amazon.com Services LLC in Seattle, Washington. Lew Decl. ¶ 5. Pursuant to the December 2022 Work Order, the average hourly rate for the Sibylline employees staffed to provide services to Defendant Amazon.com Services LLC in Seattle was $34.82. *Id.*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

30. Therefore, for 100 employes, the classwide damages would be $1,671,360 (100 employees x 480 hours[1] x $34.82/hr).

31. An award of statutory attorney fees "can be taken into account in determining the amount in controversy." *Goldberg v. CPC Intern. Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Under Washington law, attorney fee awards are assessed using the lodestar methodology, which takes into account the number of hours reasonably expended on a case, not the amount of recovery. *See, e.g., Zink v. City of Mesa*, 17 Wash. App. 2d 701, 714-15, 487 P.3d 902 (2021).

32. Here, the attorneys' fees and costs for statutory damages associated with classwide claims can easily exceed $725,000. In *Onshore Quality Control Servs., LLC v. Bromley*, No. 4:24-CV-5134-RLP, 2025 WL 85323, at *3 (E.D. Wash. Jan. 13, 2025), the Court found that "[i]t is not implausible that if the [Silenced No More Act] claims were to go to trial, [plaintiff alone] could expend over $25,000 in attorney fees." If extrapolated to 260 employees, the attorneys' fees for the putative "Silenced No More" Class alone would exceed $750,000, bringing the total amount in controversy in excess of $5,000,000. Further, counsel for Plaintiffs, has received $100,000, in attorneys' fees and costs for a putative class of just <u>twenty</u> individuals; extrapolated to the over 260 putative class members here would result in over $1,000,000 in fees. *See Kurt Skau v. JBS Carriers, Inc.*, 2:18-CV-00681-RAJ (W.D. Wash. January 4, 2021). Counsel for Plaintiffs has previously sought court approval on attorney billing rates from $350 to $500. *See Chandler v. International Marine and Industrial Applicators,* LLC, 2:22-cv-00339-BJR (W.D. Wash. June 1, 2023), Doc. 52. At the average hourly rate of $425, class counsel spent over 235 hours for a putative class of 20 in *Skau* – that is less than 10% of the putative "Silenced No More" Class here.

[1] 60 days x 8 hours per day = 480 hours.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

33. As demonstrated by the calculations above, the amount in controversy for the classwide damages reasonably exceeds $5,000,000, incorporating $2,600,000 for statutory damages under RCW 49.44.211; $1,671,360 for statutory damages under RCW 49.45.040; and reasonable attorneys' fees and costs. This estimate is conservative as it, among other things, does not include the value of benefits that Plaintiffs seek under WA WARN Act.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

34. Consistent with 28 U.S.C. § 1446, Defendants provide this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

35. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Defendant in this case are attached as **Exhibit 2**.

36. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiffs and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

37. A civil cover sheet is attached hereto as **Exhibit 3**.

38. Defendants have complied with all applicable local rules for the Western District of Washington regarding this Notice of Removal.

39. Because Defendants have shown that federal jurisdiction has been established over this action, Plaintiffs bear the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiffs cannot meet this burden, as no exceptions apply to this action. Defendants expressly reserve their right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiffs may identify in any motion for remand.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## VI. CONCLUSION

40. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 members, as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

41. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 17th day of February, 2026.

Davis Wright Tremaine LLP
*Attorneys for Defendant*
*Amazon.com Services LLC*

By *s/ Sheehan Sullivan*
Sheehan Sullivan, WSBA #33189
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Fax: 206.757.7700
E-mail: sheehansullivan@dwt.com

By *s/ Melissa Mordy*
Melissa K. Mordy, WSBA #41879
929 108th Ave NE Unit 1500
Bellevue, WA 98004
Telephone: 425.646.6194
Fax: 425.709.6094
E-mail: missymordy@dwt.com

By *s/ Rebecca Lynch*
Rebecca Lynch, WSBA #58018
929 108th Ave NE Unit 1500
Bellevue, WA 98004
Telephone: 425.646.6194
Fax: 425.709.6094
E-mail: rebeccalynch@dwt.com

*With consent of Attorneys for Defendant Sibylline Americas Inc.*

Taft Stettinius & Hollister LLP
Blair C. Carter (Petition pending)
WSBA 40977
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone (719) 475-2440
E-mail: bcarter@taftlaw.com

**CERTIFICATE OF SERVICE**

I, hereby certify under penalty of perjury under the laws of the United States of America that, on the 17th day of February, that on this day I caused a copy of the foregoing Notice of Removal to be served upon the following:

| | |
|---|---|
| NORTH CITY LAW, PC<br>Andy Backlund, WSBA #45775<br>2906 Colby Ave., Suite 105<br>Everett, WA 98201<br>Tel 425.200.6584<br>Email: Andy@northcitylaw.com<br><br>*Attorneys for Plaintiffs* | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☐ **Via Court ECF**<br>☒ **Email (Per E-Service Agreement)** |
| REKHI & WOLK, P.S.<br>Hardeep S. Rekhi, WSBA #34579<br>Gregory A. Wolk, WSBA #28946<br>Cameron K. Mease, WSBA #59550<br>529 Warren Ave. N., Suite 201<br>Seattle, WA 98109<br>Tel 206.388.5887<br>Email: hardeep@rekhiwolk.com<br>Email: greg@rekhiwolk.com<br>Email: cameron@rekhiwolk.com<br><br>*Attorneys for Plaintiffs* | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☐ **Via Court ECF**<br>☒ **Email (Per E-Service Agreement)** |

DATED this 17th day of February, 2026.

*s/Michelle King*
Michelle King



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax